**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 25 2010

JAMES N. HATTEN, Clerk
By: L. Wade-Chie
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | ~~UNDER SEAL~~ |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | |
| WALTER JOHNS and | : | NO. 1 10-CR-233 |
| JERRICK WILLIAMS | : | |

## MOTION TO SEAL AND FOR LIMITED DISCLOSURE

The United States of America, by and through counsel, Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and David E. Suchar, Assistant United States Attorney, respectfully requests that this Court: (a) seal the indictment and arrest warrants in the above-captioned case, as well as this motion to seal and corresponding order; and (b) authorize the Government to disclose the sealed indictment and arrest warrants to specified law enforcement officers to effect defendants' arrests.

1.  The Drug Enforcement Administration ("DEA") currently is investigating several individuals involved in drug trafficking activity in the Northern District of Georgia and elsewhere. The DEA's investigation is ongoing, including against the unapprehended targets named in this indictment, and others.

2.  Earlier today, a Northern District of Georgia Grand Jury returned a three-count indictment against the named defendants for drug trafficking offenses. A copy of the indictment is attached as

3

Exhibit A. The Government will be requesting federal arrest warrants for these unapprehended defendants based on the indictment.

3. Public disclosure of the indictment and arrest warrants might: (a) jeopardize the ongoing DEA investigation, (b) alert the unapprehended defendants and others to the arrest warrants, (c) cause the investigation targets to conceal their criminal activity, and (d) cause the unapprehended defendants and/or the other DEA targets to flee the jurisdiction. As a result, the Government respectfully requests that the Court order the indictment and arrest warrants be sealed pending the unapprehended defendants' arrests. See FED. R. CRIM. P. 6(e)(4)("The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial."); United States v. Goff, No. 2:07cr322-MHT, 2009 WL 197972, at *1, 6 (N.D. Ala. Jan. 27, 2009) (avoiding public disclosure of the indictment while the Government continued its investigation of the defendant and others was a "legitimate prosecutorial purpose[ ] support[ing] the sealing of the indictment"); see also United States v. Edwards, 777 F.2d 644, 647-48 (11th Cir. 1985) (indictment sealed, in part, to toll statute of limitations).

4.   The Government further requests that it be authorized to disclose the sealed indictment and arrest warrants to the United States Marshals Service and any other authorized United States officer to effect defendants' arrests.

WHEREFORE, the Government respectfully requests that: (a) the indictment, the arrest warrants, this motion, and the corresponding Order be sealed; and (b) the Government be authorized to disclose the sealed indictment and arrest warrants to specified law enforcement officers to effect defendants' arrests.

Dated:    May 25, 2010

>                              Respectfully submitted,
>
>                              SALLY QUILLIAN YATES
>                              UNITED STATES ATTORNEY
>
>                              /s/ David E. Suchar
>
>                              DAVID E. SUCHAR
>                              ASSISTANT U.S. ATTORNEY
>                              Georgia Bar No. 322514
>
>                              600 Richard B. Russell Building
>                              75 Spring Street, SW
>                              Atlanta, Georgia 30303
>                              Tele.: (404) 581-6000
>                              Fax.: (404) 581-6181
>                              E-mail: david.suchar@usdoj.gov